# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Kay Tellez,<br><br>             Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-25-00263-TUC-AMM (JR)<br><br>**ORDER** |

Plaintiff Debra Kay Tellez ("Tellez"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeks judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner"). (Doc. 1.) This matter, on referral to the undersigned United States Magistrate Judge for Report and Recommendation, is ripe for decision. (Docs. 12, 13, 15, 19, 20.) Tellez seeks remand for immediate calculation and award of benefits, or in the alternative, remand for further hearing. (Doc. 1 at 2.) As set forth below, the undersigned recommends the district court dismiss the complaint.

## BACKGROUND

**Procedural Background**

On March 30, 2022, Tellez filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act alleging disability beginning on November 25, 2016. (AR 315-21, 388.) Tellez's application was denied initially on October 20, 2020, and on reconsideration on July 14, 2021. (AR 79-94, 96-113 ). On

November 14, 2022, Administrative Law Judge Laura Speck Havens ("ALJ") issued an unfavorable decision. (AR 117-27.) On July 26, 2023, the Social Security Administration Appeals Council remanded the case back to the ALJ to "Obtain updated queries to verify the claimant's date last insured and give further consideration to whether the claimant is disabled, as defined in the Social Security Act" and "Further consider whether the claimant has past relevant work that can be performed." (AR 135-36.) A hearing was held on April 17, 2024, before the ALJ. (AR 42.) On May 2, 2024, the ALJ issued an unfavorable decision on remand. (AR 21-32.) On April 3, 2025, the Social Security Administration Appeals Council denied Tellez's request for review and adopted the ALJ's unfavorable decision as the agency's final decision. (AR 1-3.)

**Relevant Factual Background[1]**

Plaintiff was born in 1960, has some college education, and worked as an interviewer. (AR 384, 389.) Plaintiff alleges she stopped working on November 25, 2016, due to fibromyalgia, hypertension, cataracts, hypothyroidism, irritable bowel syndrome (IBS), and costochondritis. (AR 388.)

Summary of Relevant Opinion Evidence

On July 23, 2020, state agency medical consultant ("SAMC") Dr. E. Wavak, MD completed a Physical Residual Functional Capacity Assessment during the initial stage of Plaintiff's claim. (AR 92-93.) Dr. Wavak opined that Plaintiff could occasionally lift and/or carry twenty-five pounds on an occasional basis and twenty pounds on a frequent basis. (AR 91.) Additionally, Plaintiff can sit, stand, and/or walk for a total of six hours of an eight-hour workday. (AR 91-92.) Lastly, Dr. Wavak determined that Plaintiff should avoid concentrated exposure of noise and fumes, odors, dust, gases, and poor ventilation. (AR 92.)

On July 12, 2021, SAMC Dr. P. Ombres, MD completed a Physical Residual Functional Capacity Assessment during the initial stage of Plaintiff's claim. (AR 108-11.) Dr. Ombres opined that Plaintiff could occasionally lift and/or carry twenty pounds on an

---

[1] The factual background is primarily taken from Plaintiff's opening brief to which no objection has been made.

occasional basis and ten pounds on a frequent basis. Tr. 108. Additionally, Plaintiff can sit, stand, and/or walk for a total of six hours of an eight-hour workday. (AR 108.) Also, Plaintiff can occasionally crawl, crouch, kneel, stoop, balance, and climb ramps, stairs, ladders, ropes, and scaffolds. (AR 109.) Lastly, Dr. Ombres determined that Plaintiff should avoid concentrated exposure of noise and fumes, odors, dusts, gases, and poor ventilation. (AR 110.)

Summary of Hearing Testimony

During the hearing on April 17, 2024, the ALJ presented the vocational expert ("VE") with a hypothetical identical residual functional capacity determination ("RFC") detailed below. (AR 58.) In response, the VE testified that all of Plaintiff's past relevant work as a supervisor of benefits request, benefits clerk II, and production were available as these positions were not precluded by the hypothetical's limitations. (AR 59.) Plaintiff's attorney asked if the same work would be available should occasional manipulative limitations be considered, to which the VE responded in the negative. (AR 59.) Additionally, the VE reported that no work would be available should a person be off task due to their impairments and symptoms for at least fifteen percent of an eight-hour workday. (AR 59.)

**Summary of the ALJ's Decision**

For the purposes of the Social Security Act, a claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). The ALJ considers: (1) whether the claimant is engaged in "substantial gainful activity"; (2) whether the claimant has a "severe, medically determinable physical or mental impairment ... or a combination of impairments that is severe" and that has lasted for more than 12 months; (3) whether such impairment "meets or equals" one of the listings in the regulations; (4)

whether the claimant can still do his or her "past relevant work" given their residual functional capacity; and (5) whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). At steps four and five, the ALJ determines a claimant's RFC. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The burden of proof is on the claimant at steps one through four but shifts to the Commissioner at step five. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

Here, the ALJ applied the five-step sequential framework to determine that Tellez is not disabled. Before step one, the ALJ determined Tellez last met the insured status requirements to be entitled to Title II benefits on December 31, 2022. (AR 24.) At step one, the ALJ determined that Tellez did not engage in substantial gainful activity from her alleged onset date of November 25, 2016 through her date last insured of December 31, 2022. (AR 24.) At step two, the ALJ determined that through the date last insured Tellez had the severe impairments of fibromyalgia; COPD; irritable bowel syndrome (IBS); hypertension; hypothyroidism; and costochondritis. (AR 25.) At step three, the ALJ determined that through the date last insured Tellez did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 25.) After step three but before step four, the ALJ determined Tellez's RFC as follows:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could sit 6 hours out of 8 hour day; stand 6 hours out of an 8 hour day; walk 6 hours out of an 8 hour day; occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; occasionally climb, stoop, kneel, crouch, and crawl; and have only occasional exposure to heights, moving machinery, dust, fumes, and smoke. Occasional is defined as very little to 1/3 of the time. Frequent is defined as 1/3 to 2/3 of the time.

(AR 26.) At step four, the ALJ determined that Tellez has past relevant work as "Supervisor of benefits request," "Benefits clerk II," and "Production work." (AR 31.) At step five, the ALJ determined that Tellez could perform her past relevant work. (AR 32.) Accordingly, the ALJ determined that Tellez "was not under a disability, as defined in the Social Security

Act, at any time from November 25, 2016, the alleged onset date, through December 31, 2022, the date last insured." (AR 32.)

## STANDARD OF REVIEW

This Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). In reviewing the decision of the ALJ, the Court will not overturn the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial" evidence means "more than a mere scintilla," but it is "less than a preponderance." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal citation omitted). That is, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). In determining whether substantial evidence supports the ALJ's decision, the Court considers "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the" ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." *Id*. at 720-21. The "court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630 (internal quotations and citations omitted). The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id*.

## ISSUES ON REVIEW

Tellez raises two issues for review. (Doc. 15 at 1.) First, Tellez claims that the ALJ improperly evaluated the medical opinion evidence. (*Id*.) Second, Tellez claims the ALJ's RFC determination is incomplete and unsupported by substantial evidence because the ALJ did not properly account for Tellez's severe IBS. (*Id*.)

//

- 5 -

**ANALYSIS**

**1. Any error attributable to the ALJ's analysis of the medical opinion evidence was harmless**

Plaintiff argues the ALJ failed to properly evaluate the medical opinion evidence of the SAMCs, Drs. Wavak and Ombres, on three grounds. (Doc. 15 at 6.) First, Plaintiff asserts that the ALJ failed to address the "supportability and consistency" factors of the SAMCs' medical opinions as required by 20 C.F.R. § 404.1520c(c)(1). (*Id*. at 7.) Next, Plaintiff asserts that the ALJ failed to reconcile the differences between the two SAMC opinions as required. (*Id*. at 9.) Finally, Plaintiff asserts that the ALJ failed to discuss why she did not incorporate all limitations proposed by the SAMCs into the RFC. (*Id*. at 8.) The Commissioner does not dispute that the ALJ erred but argues Plaintiff has failed to show the requisite harm stemming from such errors. (Doc. 19 at 4.) For the reasons below, the undersigned agrees with the Commissioner.

A.    Legal Standard – Harmless Error

Where harmlessness is clear and not a "borderline question," remand for reconsideration is not appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 413 (2009)). "The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights,' which is to say, not merely [her] procedural rights." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). If the error "does not negate the validity of the ALJ's ultimate conclusion," the error does not support remand. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

B.    The ALJ's Discussion of the Prior Administrative Findings

The ALJ evaluated Drs. Wavak and Ombres's prior administrative findings as follows:

> The prior administrative medical findings of the State agency medical consultants, who evaluated the record at the initial and reconsideration levels of the administrative review process, are partially persuasive because [Plaintiff] had a change in her date last insured to December 31, 2022 and they determined their findings up to only December 31, 2020. At the initial level on

July 23, 2020, E. Wavak, M.D., found [Plaintiff] to be limited to the light residual functional capacity with attendant restrictions only in sitting, standing, walking, lifting (25 pounds occasionally and 20 pounds frequently), and environmental due to COPD, and history of headache despite no consistent treatment with a neurologist, no prescribed medication, and no allegation of headache (Ex. 2A). At the reconsideration level on July 12, 2021, P. Ombres, M.D., found [Plaintiff] to be limited to the light residual functional capacity with attendant restrictions only in standing/walking, lifting (20 pounds occasionally and 10 pounds frequently), climbing, balancing, stooping, kneeling, crouching, crawling, and no concentrated exposure to noise, fumes, odors, dusts, gases, poor ventilation, etc., due to COPD and history of headache (Ex. 4A). Notably, [Plaintiff] did not allege disability due to headache in her Disability Report or in her hearing testimony.

(AR 30-31.)

        C.    Failure to address Supportability and Consistency factors

An ALJ must "articulate ... how persuasive" she finds "all of the medical opinions," 20 C.F.R. § 404.1520c(b), and "explain how [she] considered the supportability and consistency factor" in making those findings, 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ failed to address the supportability and consistency factors when addressing the opinions of the SAMCs. The ALJ found the opinions "partially persuasive" because their reviews covered the time period through December 31, 2020, not through Plaintiff's date last insured—nearly two years later on December 31, 2022. (AR 30.) The ALJ did not address any other factors or otherwise explain directly how those opinions are inconsistent with the underlying medical evidence. (*See id.*)

While finding those opinions only partially persuasive, the ALJ ultimately incorporated most[2] of the restrictions opined by the SAMCs, and in fact adopted the more restrictive limitations assessed by Dr. Ombres. (*See id*. at 26, 30-31.) Here, the Plaintiff fails to articulate how the ALJ's failure to address the supportability and consistency factors when adopting those limitations prejudiced her substantial rights. *See Ludwig*, 681 F.3d at 1054. Notably, upon review of the record, Plaintiff did not proffer any other medical opinions, let alone one that would otherwise controvert Dr. Ombres's assessed limitations,

_____
[2] To the extent the ALJ did not incorporate all limitations assessed by Drs. Wavak and Ombres, the Court addresses those specific omissions *infra*.

nor does Plaintiff argue that Dr. Ombres's opinion is otherwise inaccurate. (*See* Doc. 13-2.)  Finally, the Plaintiff does not explain how the ALJ's adoption of those limitations, regardless of if the supportability and consistency factors were addressed, would have altered the ultimate disability determination. *See Batson*, 359 F.3d at 1197. Accordingly, the Court finds that the ALJ's error of failing to address the supportability and consistency factors when finding the SAMCs' opinions "partially persuasive" is harmless error.

### D.    Failure to reconcile

Where two competing medical opinions are of equal persuasive value, but are not exactly the same, ALJs are required to reconcile those opinions. Here, however, the ALJ did not reconcile the SAMCs' opinions, but where conflicting ultimately adopted the more stringent limitations of Dr. Ombres. The Plaintiff does not explain how the ALJ adopting the more stringent limitations prejudiced her substantial rights. *See Ludwig*, 681 F.3d at 1054. The Plaintiff does not explain how the ALJ reconciliation of those opinions would have altered the ultimate disability determination. *See Batson*, 359 F.3d at 1197. Accordingly, the Court finds that the ALJ's error of failing to reconcile the SAMCs opinions is harmless error.

### E.    Failure to incorporate

Plaintiff argues that the ALJ failed to incorporate all of the limitations assessed by the SAMCs. (Doc. 15 at 8.) During the hearing, the ALJ posited the following hypothetical to the VE:

> The hypothetical person can sit to six hours out of an eight-hour work day, stand six hours out of an eight-hour day, walk six hours out of an eight-hour day. Can occasionally lift and carry 20 pounds. Frequently lift and carry 10 pounds. Can only occasionally climb, stoop, kneel, crouch, and crawl.
>
> Can have only occasional exposure to heights, moving machinery, loud noise, dust, fumes, and smoke. Occasionally is defined as very little to one-third of the time.

(AR 58.)

First, Plaintiff asserts that the ALJ committed error by not incorporating the SAMCs' opinion that Plaintiff should avoid concentrated exposure of noise and fumes,

odors, dust, gases, and poor ventilation. (Doc. 15 at 8.) However, "avoiding concentrated exposure does not mean avoiding all exposure." *Salazar v. O'Malley*, 2025 WL 1682891, at *11 (S.D. Cal. June 16, 2025), *report and recommendation adopted sub nom. Carlos S. v. Comm'r of Soc. Sec.*, 2025 WL 1920150 (S.D. Cal. July 10, 2025). In fact, courts have held that the limitation to "avoid  concentrated exposure" to environmental conditions can be consistent with even frequent exposure. *See Renee S. v. Comm'r of Soc. Sec.*, 2021 WL 12177933, at *2-3 (W.D. Wash. Oct. 12, 2021) (citing *Hamadi v. Kijakazi*, 2021 WL 3772181 at * 3 (D.N.M. Aug. 25, 2021) (citing forms utilized by agency physicians, which indicate that "avoiding concentrated exposure" is a technical term used by the Social Security Administration with a meaning equivalent to "permitting occasional exposure" and that the term "avoid concentrated exposure" falls somewhere in between "no restriction" and "moderate restrictions."); *Bernier v. Saul*, 2019 WL 5296846 at *7-8 (D. Conn. Oct. 18, 2019) (finding that "avoid concentrated exposure" is the "least restrictive limitation," unlike "occasional" exposure, and an RFC limitation to "avoid concentrated exposure" is compatible with performing jobs that require "frequent" environmental exposure); *Alexy X. M. v. Saul*, 2019 WL 3772189 at *8 (N.D. Cal. August 12, 2019) (finding that there "seems to be a tension" between an RFC requirement that a claimant must avoid concentrated exposure to hazards and a job requiring occasional exposure to hazards, because the term "concentrated" seems to refer to the intensity, rather than the frequency,  of  exposure). Accordingly, the Court finds that the ALJ sufficiently incorporated the environmental condition limitations to the hypothetical posited to the VE during testimony.

Next, Plaintiff argues that the ALJ erred by failing to incorporate the assessed limitation for balancing. (Doc. 15 at 8.) The Plaintiff asserts "Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." (*Id.* (quoting *Sahyoun v. Saul*, 2020 WL 1492661, *3 (E.D. Cal. Mar. 27, 2020).) This assertion is inapposite because, as described above, the ALJ only found the SAMCs' opinions as

partially persuasive, stating "the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s)[.]" (AR 30.)

Assuming arguendo that the ALJ had given the medical opinions of the SAMCs substantial or great weight, the Plaintiff still has failed to show such error was prejudicial. As pointed out by the Defendant, two of the jobs identified by the VE that exist in substantial numbers in the national economy that Plaintiff could perform do not have a balancing requirement. (*See* Doc. 19 at 7-8.) Here the VE testified that Plaintiff could perform her past relevant work as a supervisor of benefits request and benefits clerk II. (AR 31.) The *Dictionary of Occupational Titles* ("DOT") listing for supervisor of benefits request (DOT No. 249.137-026), balancing is "Not Present – Activity or Condition does not exist." 1991 WL 672308. The DOT listing for benefits clerk II (DOT No. 205.567-010) also lists balancing as "Not Present – Activity or Condition does not exist." 1991 WL 671728. All that is required for a nondisability finding at step five is a single job that exists in substantial numbers that the claimant can perform. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet ....") (emphasis added). Again, "we have only found only found harmless error when it was clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination' ...." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). Accordingly, if the ignored limitation is credited, the proper hypothetical would still result in the determination that Plaintiff could be a supervisor of benefits request and benefits clerk II, and therefore any error excluding such limitation is nondeterminative to the VE's recommendation on which the ALJ relied. *Robbins*, 466 F.3d at 886.

In her reply, Plaintiff argues that such determination is a "post-hoc rationalization" and makes the conclusory assertion that the harm lies in the error itself. (Doc. 20 at 3-5.) However, it is Plaintiff's burden to prove "not only the error, but also that [such error]

affected [her] 'substantial rights,' which is to say, not merely [her] procedural rights." *Ludwig*, 681 F.3d at 1054. Here, the Court finds that Plaintiff has not met her burden to show that the error committed by the ALJ as to the exclusion of the opined balancing limitation was harmful to her substantial rights.

Accordingly, for the foregoing reasons the undersigned recommends the district court, after its independent review of the record, deny Ground One of Plaintiff's Complaint.

**2. The RFC determination adequately accounts for Plaintiff's IBS symptoms which are supported by the record**

Plaintiff argues the ALJ committed harmful error because his RFC determination failed to include restrictions for unscheduled breaks, frequent absenteeism, or off-task behavior. (Doc. 15 at 10.) Plaintiff contends that it was the ALJ's duty to further develop the record regarding her IBS and determine "the nature and extent" of her alleged limitation. (*Id.* (*quoting Carr v. Kijakazi*, 2025 WL 240821, at *8 (E.D. Cal. Jan. 17, 2025).)

The ALJ "has an independent duty to fully and fairly develop the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citations and quotations omitted). "The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Tonapetyan*, 242 F.3d at 1150). However, the ALJ's duty to develop the record cannot be used to shift the burden of proving disability to the ALJ. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001) (noting it is the claimant's "duty to prove she was disabled" and she cannot "shift her own burden" to the ALJ by virtue of the ALJ's duty to develop the record). It is the claimant who is "responsible for providing the evidence used to make the RFC determination" and for ultimately proving she is disabled. *Gray v. Comm'r. of Soc. Sec. Admin.*, 365 Fed.Appx. 60, 63 (9th Cir. 2010); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other

evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 404.1512 ("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.").

Here, Plaintiff did not testify about her need for additional breaks due to IBS. (*See* AR 27 (ALJ summary of Plaintiff's testimony); 53-55 (Plaintiff discussing inability to sit for long periods due to fibromyalgia).) Further, upon review of the administrative record, the Court finds no other form of evidence supporting the assertion that IBS plays a role in the limitations which Plaintiff now asserts.

Further, Plaintiff has failed to point to either medically determinable evidence or testimony of her need for unscheduled breaks, frequent absenteeism, or off-task behavior— nor any ambiguous evidence in the record. Accordingly, the ALJ's duty to further develop the record regarding Plaintiff's IBS was not triggered. *See Webb*, 433 F.3d at 687. "To require the ALJ to further develop the record here would improperly shift [Plaintiff's] burden of proving disability to the ALJ." *Acosta v. Berryhill*, 2017 WL 1304442, at *2 (W.D. Wash. Mar. 24, 2017) (citing *Mayes*, 276 F.3d at 459).

Accordingly, for the foregoing reasons the undersigned recommends the district court, after its independent review of the record, deny Ground Two of Plaintiff's Complaint.

//

//

//

//

//

//

//

//

//

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the district court **DISMISS** the complaint with prejudice. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **4:25-cv-263-AMM**.

Dated this 18th day of May, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge